```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DENITA PICKENS O/B/O N.E.E.,            :
                    Plaintiff,          :
                                        :     11 Civ. 5777 (DLC)
            -v-                         :
                                        :     OPINION & ORDER
MICHAEL J. ASTRUE                       :
Commissioner of Social Security         :
                    Defendant.          :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff Denita Pickens ("Pickens") brings this action on behalf of her son N.E.E. ("N.E.E"), seeking review of an order of the Commissioner of Social Security Michael J. Astrue ("Commissioner") that denied N.E.E.'s application for Supplemental Security Income ("SSI") benefits under the Social Security Act ("the Act"). Pickens initially applied for SSI on behalf of N.E.E. on October 30, 2009. After her application was denied, Pickens requested an ALJ hearing. The hearing took place on November 18, 2010, before Administrative Law Judge Gitel Reich ("ALJ"). On December 29, 2010, the ALJ found that N.E.E did not qualify for SSI because his limitations did not meet or functionally equal a listed impairment. Pickens then filed a request for review of the ALJ's decision, which was denied by the Appeals Board on June 22, 2011, rendering the

ALJ's decision the final decision of the Commissioner.  This petition followed.

A January 26, 2012 Order of this Court set a deadline for any motions and required the non-moving party to serve a responsive brief within thirty days of any such motion.  The Commissioner moved for judgment on the pleadings on March 9, 2012, contending that the ALJ's decision contained no legal error and was supported by substantial evidence.  Pickens failed to submit an opposition brief.  This Court has conducted an independent review of the administrative record and has determined, for the reasons that follow, that the petition for review lacks merit.

In reviewing the decision of the Commissioner, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. §405(g).  A court must uphold the Commissioner's determination to deny SSI benefits unless it is unsupported by substantial evidence or is based on an erroneous legal standard.  Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000).  Substantial evidence in this context means "more than a mere scintilla.  It means relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004)(citation omitted).

In assessing a child's disability claim, the Commissioner follows a three-step process. See Encarnacion ex rel. George v. Barnhart, 331 F.3d 78, 84-85 (2d Cir. 2003); 20 C.F.R. §416.924(a). The first step requires an inquiry into whether the child claimant is engaged in substantial gainful activity. 20 C.F.R § 416.924(b). If the child is not, the Commissioner must assess whether the child has a "medically determinable impairment(s) that is severe." Id. at § 416.924(c). Where the child claimant suffers a severe impairment, the Commissioner must determine whether the impairment meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at § 416.924(d). A child claimant possesses the functional equivalent of a listed impairment if he demonstrates "marked" limitations in two domains of functioning or an "extreme" limitation in one of six domains. Id. at §416.926(a). The six domains of functioning are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

The ALJ applied this three-pronged test to N.E.E. and his impairments. At step one, the ALJ found that N.E.E. is not

3

engaged in substantial gainful activity.  At step two, the ALJ determined that N.E.E.'s attention deficit/hyperactivity disorder, combined type, and his learning disorder qualify as severe impairments.  At step three, however, the ALJ concluded that N.E.E.'s impairments did not functionally equal a listed impairment.  As this finding resulted in the denial of N.E.E.'s application for benefits, it is the focus of the Court's review and the remainder of this Opinion.

To establish whether N.E.E.'s impairments functionally equal a listed impairment, the ALJ was required to evaluate N.E.E.'s limitations in the six domains of functioning listed above.  The domain of acquiring and using information involves how well a child is able to acquire or learn information, and how well a child uses the information he has learned.  20 C.F.R. § 416.926a(g).  The ALJ determined that N.E.E. has a less than marked limitation in this domain, a determination that is backed by substantial evidence.  Although N.E.E. does not have the math and reading skills commensurate with his grade level, he has made significant academic progress in the past year.  In an October 19, 2010 Individualized Education Program ("IEP") Report, school officials determined that N.E.E. will be able to keep pace with sixth grade standards with added support.  The ALJ noted that his assessment of N.E.E.'s functioning in this area is at odds with that of N.E.E.'s treating physician, Dr.

4

Lesanics, who asserts that N.E.E. exhibits a marked impairment in age-appropriate cognitive/communicative function.  But the ALJ correctly concluded that Dr. Lesanics' findings are outweighed by the contrary evidence of N.E.E.'s significant academic progress.  See Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999).

The second domain, that of attending and completing tasks, refers to how well a child is able to focus and to maintain attention, and how well he is able to begin, carry through, and finish activities.  20 C.F.R. § 416.926a(h).  The ALJ properly determined that N.E.E.'s impairment in this area constitutes a marked, but not extreme, limitation.  Although the record indicates that N.E.E. has struggled with impulsivity, a short attention span, and "calling out" in the past, N.E.E.'s teachers and Pickens have noted a vast improvement in his behavior since he began taking the drug Adderall.  In a July 2010 report card, N.E.E.'s teacher observed that N.E.E. has shown much improvement in impulse control.  An October 2010 school report states that N.E.E. has demonstrated no behavioral difficulties.

The third domain of interacting and relating with others concerns how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the

possessions of others.  20 C.F.R. § 416.926a(i).  The ALJ found that N.E.E. has less than marked limitation in this domain. That assessment is supported by substantial evidence.  A school report describes N.E.E. as kind and respectful.  A May 14, 2009 IEP Report describes N.E.E. as a friendly, cheerful child who responds well to praise.  An October 14, 2009 IEP Report notes that N.E.E. is always in a good mood and loves to socialize. Although Dr. Lesanics also found that N.E.E. has a marked limitation in age-appropriate social functioning, the ALJ again determined, correctly, that taken as a whole the evidence in the record outweighed the doctor's conclusion.

The fourth domain of moving about and manipulating objects considers how well a child is able to move his body from one place to another and how a child moves and manipulates objects. 20 C.F.R. §416.926a(j).  Pickens has never claimed that N.E.E. is impaired in this regard, and the administrative record does not provide any evidence that would suggest such an impairment. The ALJ therefore properly concluded that N.E.E. is not limited in his ability to move about and manipulate objects.

The domain of caring for oneself relates to how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways.  20 C.F.R. § 416.926a(k). The ALJ's determination that N.E.E. suffers no limitation in

this domain is appropriate.  A Child Function Report prepared by Pickens indicates that N.E.E. can pick out and button his own clothes; use a knife, fork, and spoon; help around the house; and put away his toys.  Again, as the ALJ correctly observed, this evidence negates Dr. Lesanics' assertion that N.E.E. has a marked limitation in this domain.

    Lastly, the domain of health and physical well-being considers the cumulative physical effects of physical and mental impairments and any associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects.  20 C.F.R. § 416.926a(l).  The ALJ correctly found that N.E.E. has no limitation with respect to his health and physical well-being.  Hospital records consistently show that N.E.E. is in good physical health, and nothing in the administrative record indicates otherwise.

CONCLUSION

The Commissioner's March 9, 2012 motion for judgment on the pleadings is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:     New York, New York
           August 6, 2012

                                    _____
                                         DENISE COTE
                                    United States District Judge

COPIES MAILED TO:

Denita Pickens
425 East 105th Street, #15E
New York, NY 10029